IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-14-03-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| MARK JOHN WEATHERWAX, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Weatherwax of violating his conditions of supervised release by (1) failing to report for outpatient chemical dependency treatment, (2) failing to report for urine testing, and (3) failing to report to his probation officer. Mr. Weatherwax admitted to the violations. His supervised release should be revoked, and he should be sentenced to five months in custody, with no supervised release to follow.

## II. Status

Mr. Weatherwax pleaded guilty to Tampering with a Witness–Victim–or an

Informant on November 12, 2014. (Doc. 103.) United States District Judge Brian Morris sentenced him to thirty-six months in custody followed by twelve months of supervised release on November 25, 2016. (Doc. 115.) Mr. Weatherwax began his current term of supervised release on May 2, 2016.

The United States Probation Office filed a Report of Offender Under Supervision on October 3, 2016. (Doc. 121.) The report outlined Mr. Weatherwax's use of marijuana and alcohol. (*Id.*) The Probation Office filed a second report on October 20, 2016, outlining his use of methamphetamine. (Doc. 122.)

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on November 22, 2016. (Doc. 123.) The Probation Office accused Mr. Weatherwax of violating the conditions of his probation by (1) failing to report for outpatient chemical dependency treatment, (2) failing to report for urine testing, and (3) failing to report to his probation officer. (*Id.*) Judge Morris issued a warrant for Mr. Weatherwax's arrest on the same day. (Doc. 123.)

**Initial appearance**

Mr. Weatherwax appeared before the undersigned for an initial appearance on November 28, 2016. Federal Defender Hank Branom accompanied him. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Weatherwax said he had read the petition and understood the allegations. He waived the preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned. Mr. Weatherwax moved the Court to continue the hearing until a later date. The Court continued the hearing until December 5, 2016.

**Revocation hearing**

Mr. Weatherwax appeared before the undersigned for a revocation hearing on December 5, 2016. Mr. Weatherwax admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Weatherwax's violation grade is Grade C. His criminal history category is V. His underlying offense is a Class E felony. He could be incarcerated for up to twelve months. He could be ordered to remain on supervised release for twelve months, less any custody time imposed. The United States Sentencing Guidelines call for seven to thirteen months in custody.

Mr. Branom stated that Mr. Weatherwax has struggled with sobriety for twenty years and requested a sentence of four months in custody. Mr. Dake recommended a sentence of seven months in custody with no supervised release to follow. Mr. Weatherwax exercised his right of allocution stating he wants to go home and spend time with his fiancé and his dogs.

### III. Analysis

Mr. Weatherwax's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to five months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Weatherwax was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Weatherwax's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Mark John Weatherwax violated the conditions of his supervised release by (1) failing to report for outpatient chemical dependency treatment, (2) failing to report for urine testing, and (3) failing to report to his probation officer.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Weatherwax's supervised release and committing him to the custody of the United States Bureau of Prisons for five months, with no supervised

release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of December 2016.

John Johnston
United States Magistrate Judge